UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY, P00154293,<br>Plaintiff,<br>v.<br>DR. ANJULI BASU, et al.,<br>Defendant(s). | Case No. 23-cv-04798-CRB  (PR)<br><br>**ORDER OF SERVICE**<br><br>(ECF Nos. 4 & 6) |

Plaintiff, a pretrial detainee at the Marin County Jail (MCJ) facing state criminal charges in Marin County Superior Court and other state county superior courts, and a frequent litigant in federal court, has filed a pro se complaint under 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs in connection with the discontinuation of his prescription for Suboxone for opioid addiction by several MCJ officials. Plaintiff seeks damages and declaratory/ injunctive relief, including a preliminary injunction compelling MCJ officials to reinstate his prescription for Suboxone.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.Legal Claims

Plaintiff alleges that each time he arrived at MCJ from another county jail in 2021 and 2022, Nurse Practitioner (NP) Joseph Francis Bielefeld refused to continue or taper plaintiff's valid prescription for Suboxone for opioid addiction despite the prescription and plaintiff's usage of the medication being well documented in his medical file.  Plaintiff alleges that this caused him to suffer severe withdrawal and that his pleas for "medical aid to deal with the withdrawal pain" were denied by NP Bielefeld, Dr. Anjuli Basu, and Licensed Vocational Nurse (LVN) Luisa Nolasco.  ECF No. 1 (Compl.) at 5.

Plaintiff alleges that he was finally prescribed Suboxone in 2023, but Deputy Sheriff/ Officer Barragan and LVN Nolasco "falsely accused [him] of diverting his Suboxone on September 14, 2023" and NP Bielefeld "wrongly discontinued" plaintiff's Suboxone and Dr. Basu "approved it." Id. at 5, 6.  Plaintiff alleges that this has caused him to suffer severe withdrawal, including "severe pain, vomiting, nausea, depression, cold sweats, insomnia, delirium and suicidal ideation," and that his pleas for medical intervention have been denied or ignored because Dr. Basu "only believes in cold turkey discontinuation of patient's opioid based medications." Id.

Deliberate indifference to a pretrial detainee's serious medical needs violates the Fourteenth Amendment's Due Process Clause.  But the test applicable to a pretrial detainee's claim is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a convicted prisoner's claim.  See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 & n.4 (9th Cir. 2018).  The elements of a pretrial detainee's medical care claim against an individual defendant under the Due Process Clause are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

2

circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Id. at 1125. A pretrial detainee need not prove an individual defendant's "subjective intent to punish" in the context of a deliberate indifference to serious medical needs claim. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (addressing pretrial detainee's deliberate indifference to safety claim). A pretrial detainee who asserts a due process deliberate indifference to serious medical needs claim instead must prove "'more than negligence but less than subjective intent – something akin to reckless disregard.'" Gordon, 888 F.3d at 1125 (quoting Castro, 833 F.3d at 1071).

        Liberally construed, plaintiff's allegations regarding the actions and omissions of Dr. Basu, NP Bielefeld, LVN Nolasco and Deputy Sheriff/Officer Barragan in connection with the discontinuation of plaintiff's prescription for Suboxone for opioid addiction and resulting withdrawal symptoms at MCJ appear to state arguably cognizable due process deliberate indifference to serious medical needs claims under 42 U.S.C. § 1983 against Basu, Bielefeld, Nolasco and Barragan and will be ordered served on them. See Gordon, 888 F.3d at 1125.

C.    Motion for Preliminary Injunction

        Plaintiff's motion for a preliminary injunction (ECF No. 6) compelling MCJ officials to reinstate his prescription for Suboxone is DENIED without prejudice. Prior to issuing a preliminary injunction, notice to the adverse party is required. Fed. R. Civ. P. 65(a)(1). A preliminary injunction therefore generally will not issue before the parties to the action are served, and they have not yet been served here. See Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983). But a temporary restraining order (TRO) may issue without written or oral notice to the adverse party or that party's attorney if: (A) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) the movant's attorney (or plaintiff himself in this case, as he proceeds pro se) certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff may move for a TRO if he can satisfy the requirements of Rule 65(b)(1).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the operative complaint in this matter and all attachments thereto, and (2) a copy of this order on the following defendants at MCJ: Dr. Anjuli Basu, NP Joseph Francis Bielefeld, LVN Luisa Nolasco and Deputy Sheriff/Officer Barragen. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

4

c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

  (The <u>Rand</u> and <u>Wyatt/Stratton</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

  d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

  e. The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

 The clerk is instructed to terminate the motion appearing on ECF as item number 4 – motion for a preliminary injunction – as denied without prejudice, and the motion appearing on ECF as item number 6 – motion to compel ruling on complaint and motion for preliminary injunction – as moot.

**IT IS SO ORDERED**.

Dated: March 26, 2024

_____
CHARLES R. BREYER
United States District Judge